[800 NYS2d 563]

In the Matter of Scott F. Saidel, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, August 8, 2005

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By judgment and order of the Supreme Court of the State of Arizona dated October 29, 2003, the respondent was suspended from the practice of law for a period of six months retroactive to March 12, 2001, and placed on probation for a period of one year upon reinstatement.

The Arizona disciplinary proceeding was consensual based upon the respondent's plea of guilty to two counts of endangerment, class 6 dangerous felonies, in Maricopa County Superior Court of the State of Arizona. During the plea proceedings, he admitted that on or about May 29, 1999, he was driving a car with two passengers at least 30 miles per hour in excess of the speed limit when he lost control of his vehicle at an intersection. The vehicle flipped in the air and landed, causing significant and serious injuries to the passengers. Through a search warrant, the testing of the respondent's blood sample revealed an alcohol concentration of .067%, more than two hours after the accident. He was indicted for one count of aggravated assault, a class 3 dangerous felony, and one count of endangerment, a class 6 dangerous felony.

Upon a tender of admissions and agreement for discipline by consent (hereinafter the agreement), and a joint memorandum in support of agreement for discipline by consent (hereinafter the joint agreement) with the Disciplinary Commission of the Supreme Court of the State of Arizona (hereinafter the Commission), the Commission unanimously recommended the following: (1) accepting and incorporating by reference the agreement and the joint agreement providing for the six-month suspension retroactive to March 12, 2001, the date the respondent was placed on administrative suspension for failing to comply with Arizona continuing legal education requirements; (2) one year's probation upon reinstatement; and (3) restitution to the passengers in his car in accord with any civil judgment arising from the accident and in accordance with any restitution order entered in the criminal case against him.

Although served with the petitioner's motion pursuant to 22 NYCRR 691.3 on November 17, 2004, the respondent has failed to submit any response claiming that any of the enumerated defenses are applicable here and has failed to demand a hearing. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted and the respondent is suspended in New York for a period of one year based upon the disciplinary action taken against him by the Supreme Court of the State of Arizona.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SANTUCCI, JJ.,concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Scott F. Saidel, is suspended from the practice of law for a period of one year, which commenced June 9, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provision of this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10) and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Scott F. Saidel, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Scott F. Saidel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).